OPINION *Page 2 
{¶ 1} Appellant State Farm Mutual Automobile Insurance appeals two judgments of the Court of Appeals of Fairfield County, Ohio, entered in favor of appellees Sean M. and Cheryl McLaughlin on their claims for uninsured motorist and medical benefits.
 {¶ 2} The cases arose out a collision between a Residential Communications Inc. (RCI) installation truck and an SUV. The truck was driven by an employee/co-owner of RCI, defendant Charles Larkin. Sean McLaughlin was an employee of RCI and a passenger in the truck. The men were within the scope of their employment at the time of the accident. Larkin was at fault in the accident. Sean McLaughlin was seriously injured.
 {¶ 3} The other co-owner of RCI is J. Andy Miller, and he was the owner of the installation truck. Neither the RCI installation truck nor either owner was covered by motor vehicle liability insurance. RCI had not complied with the applicable Worker's Compensation statutes.
 {¶ 4} In addition to State Farm, appellees named RCI, Larkin, and Miller as defendants. It appears State Farm filed a cross claim in the action.
 {¶ 5} Before addressing the merits of the assignments of error, we must first address whether the court's decisions are final, appealable orders.
 {¶ 6} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 7} Revised Code 2505.02 states, in relevant part, as follows: *Page 3 
 {¶ 8} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 11} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.***"
 {¶ 15} The trial court's judgments do not address any of the defendants except State Farm, and consequentially are not final appealable orders. It is unfortunate, because this is the second time we have been forced to find we lack jurisdiction over the matter. However, until the trial court has made factual and legal determinations on all the claims against all the parties, we are unable to conduct a meaningful appellate review. *Page 4 
 {¶ 16} We find we lack jurisdiction over the matter, and consequently, the appeals are dismissed.
 Gwin, P.J., Wise, J., and Delaney, J., concur *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction.
 Costs to appellant. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction.
 Costs to appellant. *Page 1